IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT INZER | § | |
| | § | |
| VS. | § | |
| | § | |
| HEALTH CLAIMS PROCESSING, INC., | § | C.A. NO. 1:04CV0628 |
| LIBERTY-DAYTON HOSPITAL, INC., | § | |
| LIBERTY-DAYTON COMMUNITY | § | |
| HOSPITAL, L.P. and FRONTIER | § | |
| HEALTHCARE GROUP, INC. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROBERT INZER, Plaintiff, and brings this cause of action against HEALTH CLAIMS PROCESSING, INC., LIBERTY-DAYTON HOSPITAL, INC., LIBERTY-DAYTON COMMUNITY HOSPITAL, L.P., and FRONTIER HEALTHCARE GROUP, INC., Defendants, and would show the Court as follows:

I.

Plaintiff Robert Inzer is a resident of Onalaska, Polk County, Texas.

Defendant Health Claims Processing, Inc. may be served by serving its registered agent, Earl Slater, at 4708 Ruby Avenue, Halethrope, Maryland 21227.

Defendant Liberty-Dayton Hospital, Inc. may be served by serving its registered agent, Simon W. Hendershot, III, at 1800 Bering Drive, Suite 600, Houston, Texas 77057.

Defendant Liberty-Dayton Community Hospital, L.P. is a company conducting business in the State of Texas and may be served with process by serving its registered

agent for service, Albert B. Schwarzer, 3901 W. Vickery, Suite 4, Fort Worth, Texas 76107.

Defendant Frontier Healthcare Group, Inc. is a corporation with its principal place of business in the State of Texas and may be served with process by serving its registered agent for service, Albert B. Schwarzer, 3901 W. Vickery, Suite 4, Fort Worth, Texas 76107.

II.

Plaintiff Inzer was an employee of Liberty-Dayton Hospital, Inc., and as such was covered under a health insurance plan written and/or administered by Marsh Advantage America. On or about the latter half of 2002, Liberty-Dayton Hospital was sold. As more fully shown in the letter attached hereto as Exhibit A, Plaintiff and other employees were given the option of continuing health care coverage. As stated in this letter, "You will only be responsible for the normal amount that has been withheld from your paycheck. Please be advised that Northeast [Health Management] will pay the higher portion of the COBRA expense."

III.

Plaintiff complied with all conditions precedent and tendered the appropriate sums for his healthcare premiums to the appropriate parties; or, to the extent that he failed to do so, his failure to do so was excused by the actions of one or more of the defendants.

IV.

Unfortunately, in late 2002, Plaintiff was diagnosed with lung cancer, the treatment of which has caused him to incur enormous medical bills. To his surprise and dismay, he was informed that his coverage had been cancelled and/or allowed to

lapse and that his medical treatment for his cancer would not be covered under the insurance for which he had faithfully paid his premiums.

V.

One or more of the defendants negligently, recklessly, and/or intentionally allowed Plaintiff's coverage to lapse and/or cancelled his coverage and/or revoked his coverage, which actions have caused Plaintiff to suffer damages in the amount of the bills that he incurred and loss of credit reputation.

VI.

Further, certain former Hospital Administration employees, formerly employed by Liberty-Dayton Community Hospital, Inc., made statements, representations, promises, directives, or otherwise acted in reference to this manner on or after November 1, 2002, at which point they were employees of Liberty-Dayton Community Hospital and/or Frontier Healthcare. These actions were negligent in one or more of the following particulars, which negligence was a proximate cause of Plaintiff's damages:

1. In failing to adequately inform him of the steps required to maintain coverage under one or more health insurance plans for which he otherwise would have been eligible;

2. In failing to inform him that representatives of Health Claims Processing, Inc. had offered to allow him to retroactively regain coverage upon payment of a certain amount of "back premiums"; and

3. Other and further acts of negligence.

VII.

Pleading further, Plaintiff would show that on or about March 24, 2003, he was scheduled for a surgical procedure which the physicians at M.D. Anderson Hospital told him would allow him to regain use of his voice that evening, which voice he had been unable to use for the last two months. Upon arriving at the hospital, he was informed that he would be unable to receive that procedure because his insurance had been cancelled. The negligence of the defendants herein was a proximate cause of his failure to receive this procedure, which was in turn a proximate cause of continued, unnecessary physical pain and mental anguish from that date forward. Plaintiff sues for such damages.

VIII.

Pleading further, and in the alternative, the actions of the defendants have caused Plaintiff to incur substantial debts, which debts are, upon information and belief, appearing on creditworthiness reports and as such constitute a loss of credit reputation or a slander of credit reputation. Plaintiff sues for all damages proximately caused by such effects on his credit reputation.

IX.

Plaintiff previously filed Cause No. CV66009 in the 253rd Judicial District Court of Liberty County, Texas, which is still ongoing. Defendants Liberty-Dayton Community Hospital and Frontier Healthcare Group, Inc. in the state court case referred to above filed a Motion for Summary Judgment claiming that this is a COBRA/ERISA case. Because of Defendants' actions, out of an abundance of caution, and to ensure that all responsible parties are before the Court, the plaintiff hereby files this complaint.

X.

Defendants filed a Motion for Summary Judgment, asserting that the plaintiff's state law claims are "completely preempted by ERISA § 502(a)(1)(B), 29 U.S.C. § 1139 (a)(1)(B)," and "ERISA § 514(a), 29 U.S.C. § 1144(a)." Although the plaintiff strongly disputes that his state law claims for breach of contract and negligence are preempted by ERISA, and although Defendants have provided no evidence or proof of their standing as the Plan Administrator or fiduciary under the insurance plan at issue, the plaintiff assumes that by filing a summary judgment motion on ERISA preemption grounds, Defendants are claiming that they occupied the status of Plan Administrator and fiduciary under the group health care plan. In the unlikely event that the state court determines that the plaintiff's claims are preempted by ERISA, then in that event, the plaintiff brings this action pursuant to U.S.C. § 1132(a)(1)(B) to collect the benefits due him. Further, in the unlikely event that the state court determines that the plaintiff's claims are preempted by ERISA, then Defendants were a fiduciary as defined in 29 U.S.C. § 1002(21)(A), and Defendants breached their fiduciary duties to Plaintiff. Pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a), again in the unlikely event that the state court determines that the plaintiff's claims against Defendants are preempted by ERISA, Plaintiff brings this action for appropriate relief for the violations of fiduciary duties committed by Defendants.

XI.

Defendants' actions were a proximate cause of damages to Plaintiff far in excess of the minimum jurisdictional limits of this Court, and Plaintiff hereby gives notice that he seeks recovery for all elements of damage legally cognizable under Texas law,

including but not limited to, contractual damages, consequential and incidental damages, and mental anguish damages. Further, the plaintiff seeks to recover attorney's fees pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, and pre-judgment and post-judgment interest under applicable Texas law. Finally, in the unlikely event that ERISA preemption applies to the plaintiff's claims, he seeks all benefits (including attorney's fees) to which he is entitled under that plan, including damages for breach of fiduciary duties, and attorney's fees.

XII.

In the event that the defendants' conduct turns out to have been intentional or fraudulent, Plaintiff seeks imposition of exemplary damages as a punishment of the wrongdoers and as an example to others, in an amount sufficient to fulfill those goals.

XIII.

Defendants' conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the attorneys whose names are subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendants an additional sum to compensate Plaintiff for a reasonable fee for such attorneys' services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts.

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that on formal trial, Plaintiff have judgment against Defendants for actual damages in an amount in excess of the minimum jurisdictional limits of the Court, pre-judgment interest as provided by law, post-judgment interest as provided by

law, attorney's fees, costs of suit and such other and further relief to which Plaintiff may be justly entitled.

                                      Respectfully submitted,

                                      REAUD, MORGAN & QUINN, L.L.P.
                                      801 Laurel Street
                                      P. O. Box 26005
                                      Beaumont, TX 77720-6005
                                      (409) 838-1000
                                      (409) 833-8236 (FAX)

                                      By _____
                                      John Werner
                                      Texas Bar No. 00789720

                                      Lawyers for Plaintiff



October 29, 2002

Dear Liberty-Dayton Hospital Employee:

Please be advised that your health insurance coverage under Health Claims Processing, Inc. will terminate on your last date of employment, October 31, 2002 unless you choose to continue your coverage under COBRA regulations. You have 60 days after termination to elect coverage.

The cost of the monthly premium for November and December 2002 is $227.97 for single coverage and $643.62 for family coverage. As of January 1, 2003 these rates, as determined by a qualified actuary, will change to $375.74 for single coverage and $897.00 for family coverage. <u>You will only be responsible for the normal amount that has been withheld from your paycheck. Please be advised that Northeast will pay the higher portion of the COBRA expense.</u> Continue to use to use the same cards. The length of time benefits may be continued under COBRA is 18 months for the terminating employee and 36 months for qualified dependents.

The premium for your November coverage, if elected, is due to Health Claims Processing Inc. by Nov. 15, 2002 at the address below. The premium for each month thereafter is due on the first of the month.

Make checks payable to:
    Health Claims Processing, Inc.
    1220 Butterworth Court
    Stevensville, MD 21666

A Certificate of Coverage required under the Health Insurance Portability and Accountability Act of 1996 will be issued to you when your coverage is terminated. This certificate of coverage will give you the dates of your health insurance coverage while enrolled in this plan.

If you decline COBRA, you must still sign and mail the 'Declination of COBRA Coverage' on section E.

You also have the right to convert the $10,000 Group Life Insurance policy to an individual policy. If you wish to pursue this, please contact me and you will be supplied with the necessary forms.

If you have any questions, please feel free to contact me.

Sincerely,

Sean A. Stricker, Administrator

Enclosure

EXHIBIT A