**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| ROBERT INZER § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | C.A. No. 1:04CV0628 |
| HEALTH CLAIMS PROCESSING, INC., § | |
| LIBERTY-DAYTON HOSPITAL, INC., § | JUDGE HEARTFIELD |
| LIBERTY-DAYTON COMMUNITY § | |
| HOSPITAL, L.P., AND FRONTIER § | |
| HEALTHCARE GROUP, INC. § | |
| § | |
| Defendants. § | |

**DEFENDANT, HEALTH CLAIMS PROCESSING, INC.'S**
**FIRST AMENDED ANSWER**

**To the Honorable Judge of Said Court**
    **For the Eastern District of Texas, Beaumont Division:**

COMES NOW, Defendant, HEALTH CLAIMS PROCESSING, INC. (hereinafter referred to as "Defendant"), and files this their First Amended Answer to the Complaint filed by ROBERT INZER, Plaintiff, ("Plaintiff"), and in support thereof would show as follows:

1.    Defendant admits the allegations contained in Paragraph 1 of the First Amended Complaint.

2.    Defendant admits the allegations contained in Paragraph 2 of the First Amended Complaint.

3.    Defendant admits the allegations contained in Paragraph 3 of the First Amended Complaint.

1

4. Defendant admits the allegations contained in Paragraph 4 of the First Amended Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the First Amended Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the First Amended Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the First Amended Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the First Amended Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the First Amended Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the First Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the First Amended Complaint.

12. Defendant admits that the sender was employed by Defendant Liberty-Dayton Hospital, Inc. and was acting on behalf of Liberty-Dayton Hospital, Inc. and/or Health Claims Processing, Inc. However, Defendant denies the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

13. Defendant admits that the checks were not cashed, however Defendant denies the remaining allegations contained in Paragraph 13 of the First Amended Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the First Amended Complaint.

15. Defendant admits that Plaintiff Inzer was aware that he had been diagnosed with cancer, however, defendant denies the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the First Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the First Amended Complaint.

18. Defendant admits that on or about January 2003, Inzer received surgical and other treatment at M.D. Anderson Cancer Center, at an expense of nearly $100,000. However, Defendant denies the remaining allegations contained in Paragraph 18 of the First Amended Petition.

19. Defendant admits the allegations contained in Paragraph 19 of the First Amended Complaint.

20. Defendant admits that the operation was cancelled because the hospital was told Inzer had no medical coverage. However, Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 20 of the First Amended Complaint.

21. Defendant denies that on or about March 2003, Plaintiff was told for the first time that he had no medical coverage. Defendant admits the remaining allegations contained in Paragraph 21 of the First Amended Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the First Amended Complaint, but denies such offer was accepted.

23. Defendant admits the allegations contained in Paragraph 23 of the First Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the First Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the First Amended Complaint.

30. Subject to Defendant's Motion to Dismiss pursuant to Federal Rule 12(b)(6), Defendant denies the allegations contained in Paragraph 30 of the First Amended Complaint.

31. Subject to Defendant's Motion to Dismiss pursuant to Federal Rule 12(b)(6), Defendant denies the allegations contained in Paragraph 31 of the First Amended Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the First Amended Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of the First Amended Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the First Amended Complaint.

35. Defendant admits that a Motion for Summary Judgment was filed asserting that the Plaintiff's state law claims are completely preempted by ERISA § 502 (a)(1)(B), 29 U.S.C. § 1139 (a)(1)(B) and ERISA § 514 (a), 29 U.S.C. § 1144(a). However, Defendant denies the remaining allegations contained in Paragraph 35 of the First Amended Complaint.

36. Subject to Defendant's Motion to Dismiss pursuant to Federal Rule 12(b)(6), Defendant denies the allegations contained in Paragraph 36 of the First Amended Complaint.

37. Subject to Defendant's Motion to Dismiss pursuant to Federal Rule 12(b)(6), Defendant denies the allegations contained in Paragraph 37 of the First Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the First Amended Complaint.

Respectfully submitted,

**KERR & HENDERSHOT, P.C.**

/ S / Simon W. Hendershot, III
SIMON W. HENDERSHOT, III
SBN: 09417200
ROBIN N. BLANCHETTE
SBN: 24045509
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110

             Facsimile: (713) 783-2809
             **ATTORNEYS FOR DEFENDANT,**
             **HEALTH CLAIMS PROCESSING, INC.**

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing Instrument was sent by certified mail, return receipt requested on the _____ day of _____, 2005, to the following:

             / S / Simon W. Hendershot, III
             SIMON W. HENDERSHOT, III

John Werner
801 Laurel Street
P.O. Box 26005
Beaumont, Texas 77720-6005

Michael D. Fetitta
Jason C. Nash
William N. Warren
Kelly, Hart & Hallman, P.C.
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Ron O. Norwood
517 Travis Street, Suite 300
Liberty, Texas 77575

c:Shared Documents\NE\Inzer\Federal\HCP.AmendedAnswer.020105.wpd